UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY,<br><br>                              Plaintiff,<br>     v.<br><br>AXIS INSURANCE COMPANY,<br><br>                              Defendant. | Civil Action No.: 1:23-cv-01442-JLR<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AXIS INSURANCE COMPANY'S MOTION TO DISMISS THE COMPLAINT**

SKARZYNSKI MARICK & BLACK LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Tel: (212) 820-7700
cvollweiler@skarzynski.com
eshapiro@skarzynski.com

*Attorneys for Defendant*

Of Counsel:
    Cheryl P. Vollweiler, Esq.
    Evan Shapiro, Esq.

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    The Complaint Fails to State a Plausible Claim For Relief Against AXIS ......................... 2

        A.   The Anti-Subrogation Rule Eliminates the Purported Conflict
            Allegedly Resulting From the Third-Party Complaint .............................................. 2

        B.   The Case Law Cited by Travelers Does Not Support Its Claim ............................... 4

    II.   Travelers Has Not Met Its Burden Pursuant to Fed. R. Civ. P. Rule 12(b)(1) .................... 8

        A.   Travelers' Brief Relies on Facts Which are Not Pled in the Complaint
            and are Contradicted by Submissions in the Underlying Action .............................. 8

        B.   Travelers Has Not Alleged a Valid Claim Under New York Law .......................... 9

        C.   This Court Should Exercise Its Discretion and Decline Jurisdiction ..................... 10

    III.  At a Minimum, Travelers' Demand for Costs Should Be Dismissed ........................... 10

CONCLUSION ............................................................................................................................ 11

Page(s)

Cases

*Bosquez v. RXR Realty LLC.*,
 195 A.D.3d 536 (1st Dept. 2021) .................................................................................. 3

*Coggins v. Cnty. of Nassau*,
 615 F. Supp. 2d 11 (E.D.N.Y. 2009) .............................................................................. 6

*Colbert v. Rio Tinto PLC*,
 2019 WL 10960490 (S.D.N.Y. July 29, 2019) ............................................................ 10

*Death v. Salem,*
 111 A.D.2d 778 (1985) .................................................................................................. 6

*Desriusseaux v. Val-Roe Truck Corp.*,
 230 A.D.2d 704 (2d Dept. 1996) ................................................................................... 6

*Graci v. Denaro,*
 98 Misc. 2d 155 (Sup. Ct. 1979) ................................................................................... 6

*In re Platinum-Beechwood Litig.,*
 2020 WL 159765 (S.D.N.Y. Jan. 13, 2020) ................................................................... 8

*Liberty Mut. Fire Ins. Co. v. Hamilton Ins. Co.*,
 356 F. Supp. 3d 326 (S.D.N.Y. 2018) .................................................................. 4, 5, 8

*Millenium Holdings v. Glidden Co.*,
 27 N.Y. 3d 406 (2016) ................................................................................................... 3

*MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*,
 2021 WL 1164091 (S.D.N.Y. Mar. 26, 2021) ............................................................... 9

*Nat'l City Bank v. New York Central Mut. Fire Ins. Co.,*
 6 A.D.3d 1116 (4th Dept. 2004) .................................................................................... 7

*Pa. Gen. Ins. Co. v. Austin Powder Co.*,
 68 N.Y.2d 465 (1986) .................................................................................................... 3

*Penn Aluminum, Inc. v. Aetna Cas. & Sur. Co.*,
 61 A.D.2d 1119 (4th Dept 1978) ............................................................................... 5, 6

*Rice v. Baron*,
 456 F. Supp. 1361 (S.D.N.Y. 1978) .............................................................................. 6

*Rimar v. Cont'l Cas. Co.*,
  50 A.D.2d 169 (4th Dept. 1975) ............................................................................................. 5

*Storms v. Dominican Coll. of Blauvelt*,
  308 A.D.2d 575 (2d Dept. 2003) ............................................................................................. 3

*Sullivan v. City of New York*,
  2015 WL 5025296 (S.D.N.Y. Aug. 25, 2015) ...................................................................... 10

*Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*,
  482 F.3d 1330 (Fed. Cir. 2007) ............................................................................................... 9

Rules

Fed. R. Civ. P. Rule 12(b)(1) ................................................................................................. 1, 8

**PRELIMINARY STATEMENT**[1]

Travelers' opposition does not offer a single compelling reason that AXIS's motion to dismiss should not be granted. Instead, Travelers acknowledges, as it must, that there is no conflict between AXIS and the insureds in the Underlying Action implicating coverage under the AXIS policy. New York law is clear that an insurer is only required to provide independent counsel to its insured(s) where such a conflict exists. Thus, the Complaint does not allege facts demonstrating that AXIS is required to pay for separate defense counsel and/or to pay the costs for prosecution of the Third-Party Action.

Attempting to avoid the fundamental New York rule limiting the circumstances when an insurer is obligated to appoint separate counsel to situations when certain types of conflicts exist, Travelers argues that separate counsel is required simply because the insureds are adverse to each other in the Third-Party Action. However, as demonstrated in AXIS's moving brief, and as further discussed below, this is not a conflict between AXIS and the insureds. To the contrary, AXIS and the insureds have a common interest in defeating or minimizing liability in the Underlying Action and AXIS cannot control the defense to favor itself or one of the insureds. Also, the Third-Party Action raises only a potential future conflict that might arise in the event L&K is found liable in excess of AXIS's policy limit (which AXIS has already committed without reservation) *and* the excess insurers (Starr and Travelers) fail to protect L&K from any such excess liability under their respective policies – a situation over which AXIS has no control, now or in the future. Thus, the Complaint fails to state a claim and should be dismissed.

Travelers' also fails to establish that it has standing to bring this action as highlighted by

---

[1] Capitalized terms are used as defined in AXIS' opening brief on this motion. Citations to documents filed with the Court are to the ECF document and page number at the top of each page.

1

its reliance, in its opposition, on purported facts which are not pled in its Complaint. For example, Travelers repeatedly asserts that it has paid the costs of separate defense counsel for L&K in the Underlying Action. But this is not pled in the Complaint and is contradicted by filings in the Underlying Action. Also, even if true, this simply demonstrates that Travelers is fulfilling its contractual obligation to its insured. The Complaint should be dismissed for this reason as well.

Finally, as Travelers could have, but did not, amended its Complaint pursuant to this Court's Individual Rules of Practice in Civil Cases, Rule 3.B., and because Travelers does not request leave to amend, the Complaint should be dismissed without leave to amend.

## ARGUMENT

### I. The Complaint Fails to State a Plausible Claim For Relief Against AXIS

#### A. The Anti-Subrogation Rule Eliminates the Purported Conflict Allegedly Resulting From the Third-Party Complaint

Travelers' argument that the Limiting Order does not substantively address the anti-subrogation rule and does not provide an opinion on whether the Third-Party Action creates a conflict preventing the same counsel from representing the insureds in the Underlying Action, is a red herring. The Limiting Order in fact discusses and recognizes the public policy underlying the anti-subrogation rule (i.e., to prevent conflict between an insurer and its own insured (ECF Doc. 30-3 at 3)) and notes that L&K itself agreed that "the Third-Party Action does not violate the anti-subrogation rule while AXIS is the primary [insurer]." More important, the court allowed the Third-Party Action to proceed only "to protect against potential exposure above the $2,000,000 limits of the AXIS Policy." *Id.* It also noted that L&K sought to "avoid any potential issue with running afoul of the anti-subrogation rule, [and] narrowly tailor[ed] its causes of action … to only seek damages in excess of the limits of [the AXIS policy]." *Id.* at 4.

In short, because of the limited scope of the Third-Party Action by L&K acknowledged in

the Limiting Order, the Third-Party Action does not create a conflict relevant to the defense tendered by AXIS. Neither AXIS nor the defense counsel it appointed have any incentive to prefer AXIS's interests over that of the insureds or to distinguish between the insureds in defending the Underlying Action. *See Id.* at 3; ECF Doc. 29 at 18. *See also, Millenium Holdings v. Glidden Co.*, 27 N.Y. 3d 406, 415 (2016) (collecting cases); *Pa. Gen. Ins. Co. v. Austin Powder Co.*, 68 N.Y.2d 465, 472 (1986) (anti-subrogation rule eliminates the potential conflict of interest that would otherwise exist between insureds); *Storms v. Dominican Coll. of Blauvelt,* 308 A.D.2d 575, 577 (2d Dept. 2003) (anti-subrogation rule prohibits indemnification cross-claims where parties are insured by the same insurer "to the extent that any verdict … is within the limits of the policy"); *Bosquez v. RXR Realty LLC.*, 195 A.D.3d 536, 537 (1st Dept. 2021) (affirming dismissal of third-party complaint pursuant to anti-subrogation rule, to the extent of primary coverage limit).

Nor does Travelers cite a single case which supports its novel theory that, in circumstances similar to those here, a primary carrier like AXIS, which is defending all insureds without reservation except as to potential liability in excess of its limit, is required to pay for additional counsel so one insured can prosecute a third-party action for recovery in the event of liability in excess of the primary limit (AXIS's), thereby protecting one excess insurer's interests (Travelers) against another excess insurer (Starr). Also telling, Travelers does not even attempt to address the cases cited by AXIS which clearly demonstrate that, because the Third-Party Action concerns L&K's potential exposure in excess of AXIS's policy limit and/or a conflict between the excess carriers, it does not establish the kind of "conflict" which requires AXIS to pay for separate counsel. Rather, it is for the excess carriers (or L&K) to retain independent counsel, if they consider it necessary, *at their own expense*. *See* ECF Doc. 29 at 13, 15-17, 21-22. As such, the Complaint fails to state a plausible claim for a declaration that AXIS should pay separate counsel

3

to protect Travelers' interest with respect to L&K's potential excess liability in the Underlying Action.

### B. The Case Law Cited by Travelers Does Not Support Its Claim

Travelers' opposition relies heavily on the ruling in *Liberty Mut. Fire Ins. Co. v. Hamilton Ins. Co.*, 356 F. Supp. 3d 326 (S.D.N.Y. 2018). Travelers' reliance is woefully misplaced. The facts in *Liberty* are distinguishable from the alleged circumstances here for multiple reasons. First, the primary insurer in *Liberty* wrongfully denied a defense to one defendant in the underlying action and maintained that position for over two years. Here, in contrast, AXIS promptly tendered a defense to all insureds without reservation. Also, the Third-Party Action at issue here was not commenced because of any action or inaction by AXIS or because of AXIS's coverage position. Rather, Travelers alleges that the Third-Party Action was commenced because a different insurer (Starr) was silent with respect to its purported excess obligation. In addition, in the Underlying action, L&K's counsel asserted that the Third-Party Action, filed nearly two years after L&K was named as a defendant, was filed because *both Travelers and Starr failed to acknowledge coverage for L&K*. Thus, *Liberty* is inapposite because AXIS's conduct in the Underlying Action was above reproach and was not the reason for the Third-Party Action. Second, in *Liberty,* the primary insurer eventually withdrew its denial of a defense but maintained its reservation of rights regarding indemnity, which established a conflict between that insurer and the insured. Here, in contrast, AXIS never denied coverage to L&K and, as Travelers' Complaint acknowledges, AXIS agreed from the outset to fully defend and indemnify all insureds, without reservation except as to its policy limit. AXIS's agreement eliminates any conflict between AXIS and the insureds – or between the insureds – because AXIS has no incentive to direct the outcome of the litigation in a way that would reduce AXIS's liability or favor one insured over another. For this reason too, *Liberty* is distinguishable and, frankly, inapplicable on the facts and circumstances of this action.

Third, *Liberty* found it relevant that the primary insurer repeatedly and *unsuccessfully* attempted to persuade the third-party plaintiff to withdraw its third-party action. Here, in contrast, in response to the motion to dismiss L&K's Third-Party Action, L&K promptly moved to amend, to ensure that its complaint only asserted claims regarding potential exposure above AXIS's primary limit. Fourth, the *Liberty* action was filed after the plaintiff insurer paid for the representation of its insured in the underlying action and after the underlying action was resolved. Here, however, Travelers' Complaint does not allege that Travelers has paid any costs of L&K's counsel in the Underlying Action. *Compare*, *Id.* at 328-29, 331, 336-39, *with* ECF Doc. 1 ¶¶3-5; Doc. 29 at 11-12; Doc. 34-7 at 3, 5-8; Ex. 5 ¶¶6-11. In addition, as the Underlying Action is ongoing, the potential for excess liability addressed by the Third-Party Complaint remains contingent. In sum, the seminal facts that informed every aspect of the *Liberty* decision are the opposite of the facts here, thus reliance on *Liberty* is specious.

The other cases cited by Travelers are also readily distinguishable due to facts which are not present here, such as the existence of an actual conflict between the primary insurer and the insureds, or *evidence* that the common defense counsel treated one defendant differently. For example, *Rimar v. Cont'l Cas. Co.*, 50 A.D.2d 169 (4th Dept. 1975), held that defendants were entitled to separate defense counsel because the primary insurer issued a reservation of rights disclaiming liability as to certain grounds for recovery but not others (creating a conflict between insurer and insured) and because the individual defendants took contrary positions on facts relevant to their rights to coverage under the policy issued by the insurer who was providing a defense. Here, AXIS is defending without reservation except as to the limit of its insurance, thus no such conflict exists. *Id.* at 173-74. Similarly, *Penn Aluminum, Inc. v. Aetna Cas. & Sur. Co.*, 61 A.D.2d 1119 (4th Dept 1978), held that separate counsel was required because one insured faced liability

potentially within a policy exclusion creating a conflict between the insurer and the insured, *and* because the lawyers appointed to defend the insureds were conflicted because they were concurrently *representing the insurer in a suit against the insureds*. *Id.* at 1119-20. Neither issue is present here. Further, *Death v. Salem,* 111 A.D.2d 778 (1985), held that one individual was entitled to separate counsel because that individual submitted *evidence* showing that the attorney representing her and other defendants had, *in fact*, "treated her differently and displayed a tendency to reserve his most zealous advocacy for her co-defendants." *Id.* at 779-80. Moreover, *Death* was distinguished in *Coggins v. Cnty. of Nassau*, 615 F. Supp. 2d 11 (E.D.N.Y. 2009), on the basis that, although there was initially a dispute as to one individual's right to a defense, once it was determined that the individual was entitled to a defense and indemnity, then one attorney could represent all defendants and the individual was not entitled to counsel of his own choosing at his employer's expense. *Id.* at 33-34.[2]

Other cases cited by Travelers are inapposite because they do not involve insurance coverage and/or found separate counsel required because of the different financial interests of the clients. For example, *Rice v. Baron*, 456 F. Supp. 1361 (S.D.N.Y. 1978), considered a motion to disqualify attorneys representing several parties (rather than the scope of an insurer's duty to defend or the impact of the anti-subrogation rule), and found disqualification appropriate because the clients had different financial interests that might be impacted differently by the outcome of the litigation. Similarly, *Graci v. Denaro,* 98 Misc. 2d 155, 156*-57 (Sup. Ct. 1979), found separate counsel was required where insured parties (unlike the entities defended by AXIS) were

---

[2] Travelers also cites *Desriusseaux v. Val-Roe Truck Corp.*, 230 A.D.2d 704 (2d Dept. 1996), which *contradicts* Travelers' position because it holds that, without a conflict of interest *between insurer and insured*, or evidence that the insurer waived its rights, the insurer maintains its right to control the defense of an action. *Id.* at 705.

covered under separate primary policies and a determination of liability of one over the other might impact that party's financial interests by way of a future premium increase. These kinds of financial considerations are not present here as all insureds have the same financial protection for their potential liability within the AXIS policy limit. In addition, as previously noted, the insureds' potential exposure in excess of the AXIS policy limit, or exposure contingent upon the happening of future events, are not "conflicts" that require AXIS to pay for separate defense counsel.

Travelers' attempt to distinguish several of the cases cited by AXIS also fails. Travelers first asserts that cases cited by AXIS rejecting the need for independent counsel (ECF Doc. 29 at 15-17) are inapposite because they do not involve direct claims between parties insured by the same carrier. This distinction fails because the Third-Party Action here, like the cases cited by AXIS, does not involve direct claims between the insured parties *within the AXIS policy limit*. The cases cited by AXIS are directly relevant because they find that alleged conflicts of the kind raised here do not require the insurer to appoint separate counsel.

Travelers' attempt to distinguish *Nat'l City Bank v. New York Central Mut. Fire Ins. Co.*, 6 A.D.3d 1116 (4th Dept. 2004), also fails. Travelers asserts this case held that the affirmative crossclaim asserted by one insured in that action "was not a legal necessity" while the Limiting Order here held that L&K's claims are "legally necessary." ECF Doc. 34 at 14. Contrary to this mischaracterization, the Limiting Order does *not* hold that the Third-Party Action by L&K is "a legal necessity." Rather, it holds that L&K's Third-Party Action "allege[s] *viable* causes of action" with respect to L&K's potential exposure in excess of the AXIS policy limit. ECF Doc. 30-3 at 3. Thus, on its face, the Third-Party Action is only *viable* with respect to non-AXIS excess insurers (Travelers and Starr) *and* only if L&K is found liable in the Underlying Action for an amount in excess of AXIS's limit *and* if the excess carriers do not acknowledge coverage. It also can be

7

asserted after the underlying liability is determined, if necessary. *See Liberty*, 356 F. Supp. 3d at 335 (noting that an action for breach of a contractual duty to defend accrues when the underlying litigation is finally terminated). As such, *Nat'l City Bank* is directly on point and demonstrates that AXIS is not required to pay for separate counsel for L&K in the Underlying Action.

## II. Travelers Has Not Met Its Burden Pursuant to Fed. R. Civ. P. Rule 12(b)(1)

### A. Travelers' Brief Relies on Facts Which are Not Pled in the Complaint and are Contradicted by Submissions in the Underlying Action

Travelers' opposition repeatedly asserts that Travelers has paid L&K's defense costs in the Underlying Action and that this is sufficient evidence of injury-in-fact caused by AXIS. These assertions are not supported by the Complaint, because there simply is no such allegation. Travelers includes only a single citation to the Complaint (Doc. 34 at 18), but the cited section (the "Prayer for Relief") does not support the statements. The Prayer does not say anything about Travelers funding defense costs; it simply states that Travelers seeks a declaration that "AXIS is obligated to reimburse all past defense costs which may have been incurred relative to this matter." ECF Doc. 1 at 5, ¶2. The bare assertions in Travelers' opposition regarding its purported payment must therefore be rejected. *See, e.g., In re Platinum-Beechwood Litig.,* 2020 WL 159765 (S.D.N.Y. Jan. 13, 2020).

In addition, Travelers' assertion that it is providing a defense to L&K is contradicted by L&K's brief in the Underlying Action, submitted here by Travelers, which stated that, as of its filing on June 20, 2022 Travelers (through Phoenix), as an insurer of USIS, had not responded to the tenders on behalf of L&K and others, two years earlier. L&K also stated that the Third-Party Action was commenced due to the silence of *both Travelers/Phoenix and Starr*. ECF Doc. 34-7 at 7; Ex. 5 ¶¶6-11, 20-21, 26-30. Thus, Travelers has failed to allege, much less "show affirmatively," that it has standing and the Court has subject matter jurisdiction. *See* ECF Doc. 29 at 18-19.

8

Once again, the potential for excess liability (if any) does not establish a "conflict" requiring AXIS to pay for separate counsel; it simply establishes that the insured (L&K), or its excess insurer (Travelers) is entitled participate in the defense of the Underlying Action *at its own expense*. *See* ECF Doc. 29 at 12-17, 21. Likewise, Travelers does not – because it cannot – point to any allegations in its Complaint or events in the Underlying Action suggesting that there is a conflict between AXIS and L&K or that AXIS's defense counsel has or would favor one insured over another. *See also Id.* at 19-20 (discussing additional reasons Travelers does not establish injury).

In sum, Travelers' opposition relies heavily on a purported "fact" which: (a) is not alleged in the Complaint; (b) is contradicted by statements in the Underlying Action; and (c) is central to Travelers' claim of standing in this action. As such, the Complaint should be dismissed for lack of jurisdiction.[3] Even if the Court accepts Travelers' argument that it has alleged an actual injury, this allegation does not establish that Travelers has standing to bring this action against AXIS because Travelers itself alleges that its purported injury is the result of Starr's alleged silence regarding coverage for L&K's potential future excess liability, and not the result of any action or inaction by AXIS. *Id*. at 7-8, 15-18, 14-22.

### B. Travelers Has Not Alleged a Valid Claim Under New York Law

Travelers argues that it has established a valid claim under New York law because the decision in *Liberty* recognized such a claim. However, as discussed above, *Liberty* does not support

---

[3] The cases cited by Travelers do not support a different result. *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, 2021 WL 1164091, at *3 (S.D.N.Y. Mar. 26, 2021), *reconsideration denied*, 2021 WL 3371621 (S.D.N.Y. Aug. 2, 2021), granted a motion to dismiss for lack of subject-matter jurisdiction because the plaintiff there did not establish the required injury-in-fact. *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338-45 (Fed. Cir. 2007), addressed the narrow issue of whether an actual controversy and injury-in-fact existed in a declaratory judgment action involving a patent dispute when the defendant previously disputed plaintiffs' related patents.

9

Travelers' contention because it recognized the claim based on materially distinct facts. As also noted above, the Third-Party Action here does not raise a dispute relevant to the defense provided by AXIS; it was commenced because of uncertainty with respect to the availability and priority of the excess coverage provided by Starr (and Travelers) in the event of an excess judgment in the future. *See* ECF Doc. 1 ¶¶2-3, 5, 21-23, 25-57; Ex. 5 ¶¶10-11.

### C. This Court Should Exercise Its Discretion and Decline Jurisdiction

Travelers' opposition is wrong in asserting that this case does not merit discretionary dismissal. As shown in AXIS's moving brief and above, this action will not serve a useful purpose in clarifying the legal issues involved because it is undisputed that there is no conflict between AXIS and the insureds and the scope of AXIS's duty to defend is therefore established. It also will not resolve the issue which troubles Travelers: the potential liability of its insureds in excess of AXIS's policy, and related potential disputes between Travelers and Starr regarding excess indemnification priorities and/or USIS and USIS Electric's alleged breach of contract by failing to procure excess insurance. Further, a judgement in this action will not eliminate uncertainty as these issues will remain until the Underlying Action is resolved, and/or will be mooted if the underlying action is resolved within AXIS's limit or if Starr acknowledges coverage. Finally, this dispute is at best premature, and better resolved once the underlying action is fully resolved and the facts relevant to Starr's and Travelers' obligations are established. *See* ECF Doc. 29 at 22-23.

### III. At a Minimum, Travelers' Demand for Costs Should Be Dismissed

Travelers failed to respond to AXIS's argument that Travelers' demand for recovery of attorneys' fees in this action should be dismissed, thus AXIS's motion on this issue should be granted as unopposed. *E.g., Sullivan v. City of New York*, 2015 WL 5025296, at *4-5 (S.D.N.Y. Aug. 25, 2015), *aff'd*, 690 F. App'x 63 (2d Cir. 2017); *accord Colbert v. Rio Tinto PLC*, 2019 WL 10960490, at *4 (S.D.N.Y. July 29, 2019).

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in AXIS's opening brief, Travelers' Complaint should be dismissed in its entirety.

Dated: New York, NY
September 27, 2023

Respectfully submitted,

SKARZYNSKI MARICK & BLACK LLP

By: /s/ Cheryl P. Vollweiler
Cheryl P. Vollweiler, Esq.
Evan Shapiro, Esq.
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Tel: (212) 820-7700
cvollweiler@skarzynski.com
eshapiro@skarzynski.com

*Attorneys for Defendant AXIS Insurance Company*

4872-7547-9425,