UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY, | |
| Plaintiff, | |
| -against- | |
| AXIS INSURANCE COMPANY, | |
| Defendant. | |

Case No. 1:23-cv-01442 (JLR)

**MEMORANDUM**
**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Travelers Indemnity Company ("Travelers") sued AXIS Insurance Company ("Axis")

under the Declaratory Judgment Act, 28 U.S.C. § 2201.  ECF No. 1 (the "Complaint" or

"Compl.").  The Court granted Axis's motion to dismiss for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6).  *Travelers Indem. Co. v. AXIS Ins. Co.*, No. 23-cv-

01442 (JLR), 2024 WL 1313890, at *1 (S.D.N.Y. Mar. 27, 2024) ("*Travelers I*").  Travelers

now moves for reconsideration of *Travelers I*.  ECF Nos. 51 ("Recon. Br."), 62 ("Recon.

Reply").  Axis opposes Travelers's motion for reconsideration.  ECF Nos. 59 (opposition

brief), 63 ("Recon. Surreply").  The Court denies the motion for reconsideration.[1]

The Court presumes familiarity with this case's facts and procedural history and

reviews only those details needed to explain its decision here.  Travelers, Axis, and Starr

Indemnity & Liability Company ("Starr") collectively issued four insurance policies relevant

here.  First, Travelers issued a policy to L&K Partners, Inc. ("L&K").  *Travelers I*, 2024 WL

---

[1] The document filed by Axis at ECF No. 63 is a "letter motion to allow and incorporated sur-reply in opposition to Plaintiff['s] motion for reconsideration."  Recon. Surreply at 1 (further capitalization omitted).  The Court grants Axis's motion to submit this surreply because Axis's surreply "address[es] information regarding the Underlying Action submitted by Travelers for the first time in its [reconsideration reply brief] and a relevant development in the Underlying Action."  *Id.*; *see Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) ("[S]ur-replies are permitted when an opposing party raises arguments for the first time in a reply.").

1313890, at *1.  Second, Travelers issued a policy to United States Information Systems, Inc. ("Systems") and USIS Electric, Inc. ("Electric" and, together with Systems, "USIS").  *Id.* Third, Axis issued a primary-liability policy with a $2 million limit of liability to USIS (the "Axis Policy").  *Id.*  Fourth, Starr issued an excess-liability policy with a $3 million limit of liability to USIS for the period of April 15, 2019, to April 15, 2020 (the "Starr Policy").  *Id.*

In 2019, after falling off a ladder on a construction site, Thomas Daniello filed a lawsuit in New York state court (the "Underlying Action"), naming four defendants, including L&K.  *Id.*  L&K was the construction project's general contractor and had subcontracted certain work to Systems.  *Id.*  Travelers tendered the defense and indemnification of L&K and USIS to Axis under the Axis Policy.  *Id.* at *2.  On June 22, 2020, Axis accepted Travelers's tender up to the Axis Policy's $2 million limit of liability without reservation of rights.  *Id.*; *accord* ECF No. 34 ("Opp.") at 2.[2]  Axis retained the law firm of Katz & Rychik ("Katz") to

---

[2] At one point, the Complaint alleges that "Axis agreed to accept the tender for defense without reservation of [Systems and two other Travelers insureds]" on "June 22, 2020." Compl. ¶ 1.  At another point, the Complaint states that "[u]pon its June 2020 acceptance of Travelers'[s] tender with respect to the Underlying Action, Axis retained Katz & Rychik to defend both [USIS] and L&K in the Underlying Action." *Id.* ¶ 4.  Later, however, the Complaint asserts that Axis accepted "Travelers'[s] tender of the defense and indemnification of L&K and [USIS]" on "June 22, 2022" – not 2020.  *Id.* ¶ 25.  Meanwhile, in its opposition to Axis's motion to dismiss, Travelers states that "[o]n June 8, 2020, Travelers tendered the defense and indemnification of L&K . . . to Axis under the commercial general liability policy Axis issued to [USIS] . . . .  In response, Axis accepted the tender of the defense of L&K . . . up to its $2million [sic] policy limit."  Opp. at 2 (further capitalization omitted).

Based on documents submitted by Axis in support of its motion to dismiss – documents that the Court may consider because they are integral to the Complaint and Travelers does not dispute their authenticity, *see In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 176 (2d Cir. 2021); *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) – Paragraph 25's reference to 2022 appears to be a typographical error.  On June 22, 2020, Axis sent Travelers a letter "acknowledg[ing] receipt of [Travelers's] tender under the Subcontract between [Systems] and [Electric] . . . for defense, indemnity[,] and additional insured status" and "accept[ing] Travelers's] tender in this matter."  ECF No. 30-1 at 2.  On October 16, 2020, Axis sent Travelers an email stating: "Per our discussion this morning, this email will serve to confirm that in the letter dated 6/22/2020, Axis agreed to accept your additional insured status for

defend both L&K and USIS in the Underlying Action. *Travelers I*, 2024 WL 1313890, at *2. Travelers also tendered the defense and indemnification of L&K and USIS to Starr under the Starr Policy. *Id.* Starr never accepted Travelers's tender or otherwise confirmed that it was next in line after Axis to provide excess coverage for claims involving L&K and USIS. *Id.*

Unsure whether Starr would ever agree to provide excess coverage, L&K impleaded USIS in the Underlying Action on February 7, 2022. *Id.* L&K alleged that Systems had subcontracted with Electric to provide the equipment, labor, and supervision required under the contract between L&K and Systems, and that Daniello was Electric's employee. *Id.* L&K claimed that if it were found liable to Daniello, USIS would be liable to L&K under several possible theories of recovery. *Id.* Thereafter, Travelers repeatedly requested that Axis select separate and independent counsel for L&K and USIS in the Underlying Action. *Id.* at *3. Axis rejected these requests, prompting Travelers to file the present action seeking, among other things, a declaration that Axis must reimburse L&K for all defense costs incurred in the Underlying Action. *Id.*[3]

---

[Systems], [two other Travelers insureds, and] L&K." ECF No. 30-2 at 2 (further capitalization omitted). Thus, the Court concludes – as it did in *Travelers I* – that Axis accepted Travelers's tender of L&K and USIS in 2020, not 2022. 2024 WL 1313890, at *2; *see Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) (per curiam) (where an allegation in the complaint is squarely contradicted by a properly considered document, "the document controls and the allegation is not accepted as true").

[3] On July 12, 2024, the New York state court granted L&K summary judgment on Daniello's claims in the Underlying Action. *Daniello v. J.T. Magen & Co.*, Nos. 158947/2019 et al., 2024 WL 3433783, at *3 (N.Y. Sup. Ct. July 12, 2024); *see* Recon. Surreply at 2-3 (flagging this decision). The state court's summary-judgment decision does not moot the present action because Travelers still seeks a declaration that Axis must "reimburse all past defense costs which may have been incurred relative to this matter." Compl. at 5; *see Dean v. Blumenthal*, 577 F.3d 60, 66 (2d Cir. 2009) (per curiam) ("Claims for damages or other monetary relief automatically avoid mootness, so long as the claim remains viable." (citation omitted)).

In *Travelers I*, the Court granted Axis's motion to dismiss for failure to state a claim. *Id.* at *5-10. The Court explained that "if 'the insurer's interest in defending the lawsuit is in conflict with the insured's interest – the insurer being liable only upon some of the grounds for recovery asserted and not upon others – the insured is entitled to defense by an attorney of his own choosing, whose reasonable fee is to be paid by the insurer.'" *Id.* at *6 (brackets omitted) (quoting *Pub. Serv. Mut. Ins. Co. v. Goldfarb*, 425 N.E.2d 810, 815 (N.Y. 1981)). But "'a conflict of interest requiring retention of separate counsel' will not 'arise in every case where multiple claims are made.'" *Id.* (quoting *Goldfarb*, 425 N.E.2d at 815 n*). "Independent counsel is only necessary in cases where the defense attorney's duty to the insured would require that he defeat liability on any ground and his duty to the insurer would require that he defeat liability only upon grounds which would render the insurer liable." *Id.* (quoting *Goldfarb*, 425 N.E.2d at 815 n*). In turn, the Court held that Travelers had "not sufficiently allege[d] that, in the Underlying Action, Katz's duty to L&K would require that Katz defeat liability on any ground and Katz's duty to Axis would require that Katz defeat liability only upon grounds which would render Axis liable. Therefore, Axis is under no obligation to pay for separate independent counsel for L&K and USIS." *Id.* at *10 (original brackets, quotation marks, and citation omitted).

Travelers now seeks reconsideration of *Travelers I*. "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). It "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks and citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk*, 935 F.3d at 54 (citation omitted).

In seeking reconsideration, Travelers newly asserts that Katz – in addition to being retained by Axis to represent both L&K and USIS in the Underlying Action brought by Daniello – also "represents [USIS] in the third-party action brought by L&K." Recon. Br. at 4. According to Travelers, Katz's representation of both L&K and USIS is "an unequivocal violation" of New York Rule of Professional Conduct 1.7. *Id.* at 3; *see id.* at 6 ("Pursuant to Rule 1.7, Katz cannot represent L&K because the representation involves the assertion of a claim by one client against another client represented by Katz in the same litigation. Accordingly, it is unethical for Katz to appear on behalf of L&K in the Underlying Action. Because of the conflict, [Axis] has not fulfilled its duty to defend L&K and it must assign separate counsel."); N.Y. Rule of Professional Conduct 1.7(a)(1) ("Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests."), *codified at* N.Y.C.R.R. § 1200.0.

This argument for reconsideration fails. Critically, the Complaint lacks any allegation that Katz also represents USIS in L&K's third-party action against USIS. *See generally* Compl. Instead, the Complaint alleges only that Axis retained Katz in June 2020 to represent and defend both L&K and USIS in the Underlying Action, *id.* ¶¶ 4, 20, and that L&K later elected to file a third-party claim against USIS, *id.* ¶ 5, which (according to Travelers) created a conflict of interest requiring Axis to assign new counsel to L&K and/or reimburse L&K for the separate counsel that L&K obtained, *id.* at 5 & ¶ 23. In the same vein, Travelers argued in opposing Axis's motion to dismiss that "the crux of the conflict in the Underlying Action . . . is between [USIS] and L&K because they are opposing parties in a third-party action" –

without Travelers ever claiming that Katz represented USIS in the third-party action.  Opp. at 9.

For the reasons set forth in *Travelers I*, the state of affairs described by Travelers in the Complaint – L&K and USIS sharing Katz as counsel in the Underlying Action, with L&K thereafter (through different counsel) separately asserting a third-party claim against USIS – does not require Axis to provide replacement counsel for L&K in the Underlying Action.  As the Court there explained, "L&K's decision to seek indemnification from USIS was made out of preference, not legal necessity," and L&K's instigation of a conflict with USIS in February 2022 does not undermine the conclusion that Axis "fulfilled its duty under the policy to provide a defense for L&K" when, upon accepting Travelers's tender in June 2020, Axis originally retained Katz to defend both L&K and USIS in the Underlying Action.  2024 WL 1313890, at *7 (brackets, quotation marks, and citation omitted).  L&K's later-brought third-party action against USIS did not create a conflict *between L&K and Axis*, which – as the Court explained in *Travelers I* – is the relevant conflict for purposes of *Goldfarb*.  *See id.* at *6-10.

It is a separate and interesting question whether Axis should have "assigned Katz to defend [USIS] against L&K's third-party claim," Recon. Reply at 4, when Axis had already retained Katz to represent L&K and USIS in the Underlying Action over a year before, Compl. ¶¶ 4, 20.  As noted, however, nowhere does the Complaint allege that Katz represents USIS in the third-party action.  Nor did Travelers, in opposing Axis's motion to dismiss, contend that the conflict centered on Katz's representation of USIS in the third-party action (as opposed to a conflict between L&K and USIS generally, based on L&K's filing of the third-party action against USIS).  Travelers only now asserts this information in seeking reconsideration.  The Court is free to disregard these tardy assertions insofar as "a party may

not amend pleadings through a brief." *Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 80 (2d Cir. 2022) (citation omitted); *accord Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y.), *aff'd*, 157 F. App'x 398 (2d Cir. 2005) (summary order).  And a motion for reconsideration is not the place to present new allegations that could have been pleaded but were not pleaded.  *See Columbo v. Philips Bryant Park LLC*, No. 22-cv-00775 (RA), 2024 WL 3227090, at *1 (S.D.N.Y. June 28, 2024) (a motion for reconsideration "is not the proper place to assert new allegations" (citation omitted)); *Zappin v. Cooper*, No. 16-cv-05985 (KPF), 2018 WL 2305562, at *1 (S.D.N.Y. May 18, 2018) ("The proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." (brackets and citation omitted)); *Rivero v. INTL FCStone Inc.*, No. 14-cv-03879 (PAC), 2015 WL 6128707, at *2 (S.D.N.Y. Oct. 19, 2015) (denying motion for reconsideration where the plaintiff "relie[d] on newly alleged facts that cannot be inferred from any reasonable reading of the complaint" and instead were "simply new allegations that [the p]laintiff failed to plead").

Therefore, as explained in *Travelers I*, the Complaint does not state a claim for the relief requested, and the Court denies Travelers's motion for reconsideration.  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 50 and 63.

Dated: August 16, 2024
        New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge